HUGH THOMISON, *et al.*, *v.* HUGH DOUGLASS & Co.

SHERIFF. *Motion against. Judgment must be taken on same. When. Notice.* Where notice is given that a motion will be made at a certain Term of the Court against a Sheriff, and the motion is not made at that Term, but at a subsequent Term, without additional notice, the judgment so rendered will be void.

Case cited: Morrow *v.* Malone, 5 Sneed, 642.

Code cited: §4224.

---

FROM LINCOLN.

---

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

Hugh Thomison, *et al., v.* Hugh Douglass & Co.

NEWMAN & ALLEN for Thomison, *et al.*

BRIGHT & SONS for Douglass & Co.

NICHOLSON, C. J., delivered the opinion of the Court.

Complainants are sureties of Moses Curin, Sheriff of Lincoln County, and file their bill to enjoin two judgments recovered against them, in the Circuit Court of Lincoln County, in November, 1866, by Hugh Douglass & Co., for about $800 each.  The judgments were recovered, on motion, for insufficient returns on executions issued on two judgments, made by Moffatt, a deputy of Curin, the Sheriff.  Notice of the motions was served on Curin in February, 1866, notifying him that at the next Term of the Circuit. Court of Lincoln County, to be held in March, 1866, the motion would be made.  No Term of the Court was held in March, and none in July, the regular Term, but at the November Term, 1866, the motion was made, no' other notice having been given to. Curin, and none at any time to his sureties.  At the November Term, 1866, judgments were rendered against Curin and his sureties, and among the recitals is the following:

"It appearing, further, that the defendant, Moses Curin, had written notice on the 20th of February, 1866, that this motion would be made at the March Term, 1866, of this Court; and it appearing, further, that said motion has been continued until the present Term of the Court, by reason of there being no Court held at said March Term, 1866, or the July Term,

1866; it is, therefore, considered by the Court, that the plaintiffs recover," etc.

The bill alleges that the judgments so rendered were void, and the executions issued thereon nullities. The Chancellor so held, and defendants have appealed.

These judgments were before this Court at its December Term, 1869, in the case of Moses Curin against Wm. Moffatt and others. After judgments had been rendered against Curin and his sureties in favor of Hugh Douglass & Co., Curin obtained judgment, by motion, against his deputy Moffatt, and his sureties. Moffatt appealed to this Court, and at the December Term, 1869, the judgment of Curin against Moffatt and his sureties was held to be void, for the reason that the judgment of Hugh Douglass & Co. against Curin and his sureties was void. The latter judgment was held to be void, because the motion was not made at the time at which notice was given that it would be made, but at a subsequent Term, without any further notice. As Hugh Douglass & Co. were not parties to the suit, in which this Court so held, that judgment is not conclusive; but it is entitled to the force of an adjudication of the question of law by this Court. The notice of motion for judgment is not regarded in the light of a summons and a commencement of the suit, but the motion, when made, is its commencement. Under §4224 of the Code, the parties may make up their pleadings in the appearance causes, although the Circuit Judge may fail to attend. If it could be held (which we think it could not) that this

Hugh Thomison, *et al., v.* Hugh Douglass & Co.

provision would authorize the motion for judgment to be entered according to the notice, although there was no Court sitting, this fact should have been recited in the judgment. Until some step was taken in Court in pursuance of the notice, no proceeding in the suit could be pending in the Court, to stand continued by the non-attendance of the Judge. It was held in *Morrow* v. *Malone*, 5 Sneed, 642, that if a declaration is not filed at the return Term, although the Judge may not attend, the suit may be dismissed at the succeeding Term. But in the present case the recitals are, that notice was given that the motion would be made at the March Term, 1866; and for this reason, the motion was continued over to the November Term, 1866. It is not recited that any motion was made at the March Term, and continued over for want of a Judge, but the fair interpretation of the recitals is, that the making of the motion was continued over from March until November, because no Court was held at March and July Terms. It follows that the motion made at November Term, 1866, was made without the notice required by law, and the judgment was therefore void, as held in the case before referred to.

The judgment being void, the decree of the Chancellor perpetually enjoining it was proper; and we affirm his decree with costs.